IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **PATRICIA BENTON LEE,**<br><br>      Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, QUICKEN LOANS, ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAIN ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and DOES 1-20, inclusive and of the world,**<br><br>      Defendants. | Civil Action No. 7:14-CV-46 (HL) |

## ORDER

Plaintiff initiated this action *pro se* on February 28, 2014 in the Superior Court of Thomas County, Georgia. Defendant Bank of America, N.A. removed the case to this Court on April 1, 2014 and thereafter filed a Motion to Dismiss. (Docs. 1, 4). On April 8, 2014, the Court entered an order notifying Plaintiff of the pending motion and directing her to respond by May 8, 2014, or risk having her case dismissed. (Doc. 5). Plaintiff filed no response.

The Court set this matter down for a hearing on July 1, 2014 to allow Plaintiff the opportunity to respond in person to the pending motion. The Court mailed a Notice of Hearing to Plaintiff's address of record on June 17, 2014. The

Court received no indication that the notice was not delivered. Counsel for Defendant appeared at the appropriate date and time and announced that he was ready to proceed. Plaintiff failed to appear or to communicate with the Court any reason why she could not be present that day. The Court made multiple attempts to locate a working telephone number for Plaintiff to inquire about her absence but to no avail.

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or to comply with court orders or the Federal Rules of Civil Procedure. See also Heard v. Nix, 170 F. App'x. 618, 619 (11th Cir. 2006). As explained in Heard, the "legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id. Dismissal without prejudice for disregard of a court order is appropriate, "especially where the litigant has been forewarned." Owens v. Pinellas County Sheriff's Dept., 331 F.App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff here has failed to comply with the lawful orders of this court, including failure to notify the court of her current contact information, failure to respond to Defendant's motion, and failure to appear before the Court. The Court advised Plaintiff of the consequences of failing to comply with the Court's order, including dismissal of her complaint. Based on these factors, the Court finds that

Plaintiff has failed to adequately prosecute her case and willfully ignored the Court's orders. Dismissal of the Complaint is the only sanction that will adequately address Plaintiff's non-compliance.

Plaintiff's Complaint is dismissed without prejudice pursuant to Rule 41(b).

**SO ORDERED**, this 10th day of July, 2014.

<em>s/ Hugh Lawson</em>_____<br>
**HUGH LAWSON, SENIOR JUDGE**

aks